UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN M. MATTES, § | | |
| BOP Register No. 10973-052, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:20-cv-1917-B | |
| § | | |
| M.D. CARVAJAL, Director of BOP, ET AL., § | | |
| § | | |
| Defendants. § | | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case as to Plaintiff's amended complaint [Dkt. No. 16], recommending that the Court dismiss this civil action against four Federal Bureau of Prisons officials with prejudice, *see* Dkt. No. 17.

Plaintiff has filed a motion for leave to amend [Dkt. No. 18] and objections [Dkt. No. 19], through which he now asserts that he intends to recast this lawsuit as one against the United States (and two BOP employees in their official capacities) under the Federal Tort Claims Act ("FTCA").

> The FTCA confers on federal courts exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment. 28 U.S.C. § 1346(b)(1). FTCA claims may be brought against only the United States, and not the agencies or employees of the United States. *See* 28 U.S.C. §§ 2671, 2679; *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). An FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction. *See Galvin*, 860 F.2d at 183.

*Esquivel-Solis v. United States*, 472 F. App'x 338, 340 (5th Cir. 2012) (per curiam).

So Mattes may not bring FTCA claims against the BOP employees.

As to his desire to sue the United States under the FTCA, "[s]ince a suit under the FTCA

constitutes a waiver of sovereign immunity, the provisions that allow suit must be strictly construed." *Gibbs v. Miner*, No. 3:10-cv-228-M, 2010 WL 1711703, at *1 (N.D. Tex. Apr. 2, 2010) (citing *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981)), *rec. adopted*, 2010 WL 1730786 (N.D. Tex. Apr. 27, 2010). These provisions include *proper* exhaustion of administrative remedies, which begins by "first present[ing] the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a); *see, e.g.*, *McGraw v. Mejia*, No. 3:13-cv-740-L, 2015 WL 569002, at *5 (N.D. Tex. Feb. 11, 2015) ("Because the Amended Complaint only mentions Plaintiffs' attempts to exhaust the BOP's grievance procedure, which the Fifth Circuit has recognized as a separate and distinct procedure from that required by the FTCA, Plaintiffs have failed to satisfy the notice requirement under the FTCA. Accordingly, the court lacks jurisdiction over Plaintiffs' claims [under that statute]." (collecting cases)); *see also Barber v. United States*, 642 F. App'x 411, 415 n.3 (5th Cir. 2016) (per curiam) (concluding that the holding in *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015), "that the FTCA's statute of limitations was 'non-jurisdictional and subject to equitable tolling' ... has no bearing on our analysis of the jurisdictional limitation provided by 28 U.S.C. § 2675(a)'s presentment requirement" (quoting *Wong*, 575 U.S. at 420)).

Mattes offers no evidence that he has properly presented an FTCA claim to the appropriate federal agency. The Court would therefore lack jurisdiction over this lawsuit as one against the United States under the FTCA. Accordingly, the Court **DENIES** Matters leave to file a second amended complaint and **OVERRULES** his objections to the proposed findings, conclusions, and a recommendation.

As such, the District Court has now reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the

remaining proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

SO ORDERED.

DATE: NOVEMBER 10, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE